# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

STEPHEN P. WALLACE,

      Plaintiff,

v.                                     Case No: 6:17-cv-1664-Orl-40DCI

DRS NETWORK & IMAGING
SYSTEMS, VISION TECHNOLOGIES,
INC. and ROBERT LEE THOMPSON,

      Defendants.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. 2)** |
| **FILED:** | **September 20, 2017** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR ORDERS GRANTING PAUPERIS COMPLAINT FILING AND FOR PLAINTIFF TO FILE PLEADINGS ELECTRONICALLY IN THE FUTURE (Doc. 11)** |
| **FILED:** | **November 11, 2017** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On September 20, 2017, Plaintiff, proceeding *pro se*, filed a Complaint alleging a cause of action for breach of contract and a cause of action for civil conspiracy against Defendants. Doc. 1. In the Complaint, Plaintiff alleged, in part, as follows: (1) "Plaintiff (SPW) is currently a resident of the State of Illinois;" (2) "Defendant [DRS Network & Imaging Systems (DRS)] is a company based in Melbourne, Florida;" (3) Defendant [Vision Technologies, Inc.] (VTI) is a company based in Bentonville, Arkansas;" and (4) "Defendant [Robert Lee Thompson] (RLT) is President of (VTI) and based in Bentonville, Arkansas." Doc. 1 at 1-2.

As part of reviewing Plaintiff's Motion, the Court is obligated to review the Complaint and dismiss the case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[1] Although the Court must liberally construe Plaintiff's Complaint, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), it is under no duty to "rewrite" the Complaint. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). *Pro se* litigants are still required to conform to the procedural rules despite the liberal construction afforded to their pleadings. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (discussing Federal Rule of Civil Procedure 4(c)) (citation omitted).

Pursuant to Federal Rule of Civil Procedure 8(a) a complaint that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[1] The statute governing proceedings *in forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Plaintiff failed to provide a short and plain statement regarding the grounds for the Court's jurisdiction. It appears from Plaintiff's Complaint that he is attempting to assert federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal diversity jurisdiction exists "where the suit is between citizens of different states and the amount in controversy exceeds . . . $75,000." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. 1332(a). But "[r]esidence alone is not enough" to establish citizenship pursuant to 28 U.S.C. § 1332. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citation omitted). For the purposes of diversity jurisdiction, citizenship is equivalent to domicile, which requires not only residence in a state, but also an intention to remain in that state indefinitely. *Id*. (citations omitted). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam) (citation and internal quotations omitted). Thus, Plaintiff's allegations regarding his residence and Defendant RLT's residence are insufficient for the purposes of establishing diversity jurisdiction. In addition, Plaintiff failed to properly plead DRS's and VTI's states of citizenship. *See* 28 U.S.C. § 1332(c) (providing, in part, that a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Further, Plaintiff did not plead any facts or allegations regarding the amount in controversy. *See* 28 U.S.C. § 1332(a) (providing, in part, that the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs). Accordingly, Plaintiff has failed to carry his burden of establishing the existence of federal subject matter jurisdiction. *See generally Moreno*

*v. Breiburn Fla., LLC*, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) ("In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction.") (citation omitted).

In addition to the foregoing, Plaintiff failed to plead a short and plain statement of the claim showing that the he is entitled to relief. Plaintiff's Complaint contains a narrative describing some interactions between the parties and generally asserting a breach of contract. Doc. 1 at 1-3. But the Complaint fails to separately allege how the events gave rise to any cause of action. Plaintiff has not adequately pled specifics regarding how the alleged contract was formed, who the parties were to the alleged contract, or how the alleged contract was breached. And Plaintiff pled nothing that could be considered a short and plain statement showing the existence of a claim for civil conspiracy.

Further, it appears from Plaintiff's Complaint and the attachments thereto that the statute of limitations may have run on Plaintiff's alleged claims. Florida Statutes section 95.11 provides for a five-year statute of limitations with respect to claims for breach of contract, and a four-year statute of limitations with respect to claims for civil conspiracy. *See* Fla. Stat. § 95.11. In the Complaint, Plaintiff alleged that he filed his action within the statute of limitations as set forth in Florida Statutes section 95.11.[2] Doc. 1 at 1. But the contract attached to the Complaint is dated June 18, 2012, more than five years prior to September 20, 2017. Doc. 1 at 4. Although Plaintiff pled that "equitable tolling of the statute of limitations is warranted when the Parties are in 'covert concealment of the real Evidence to prosecute Claims due,'" Plaintiff did not plead any allegations

---

[2] The Court further notes that Claimant has not explained why he is applying Florida law to a contract that appears to have been executed under Arkansas law. *See* Doc. 1 at 4.

or facts to establish that equitable tolling was appropriate here. Doc. 1 at 1 (emphasis removed) (citations omitted).

Finally, Plaintiff did not plead facts sufficient to establish that venue is appropriate in the state of Florida. Pursuant to 28 U.S.C. § 1391(b), "A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). Here, the contract at issue appears to have been signed in Arkansas,[3] and not all of the defendants reside in the state of Florida. *See* Doc. 1 at 1-4. Plaintiff's general allegation, without any factual support, that the breach occurred in Melbourne, Florida, does not establish to the Court's satisfaction that venue is appropriate in the state of Florida. In fact, the allegations in the Complaint seem to indicate that the breach did not occur in Melbourne, Florida.

For the foregoing reasons, it is **ORDERED** that:

1. The Motion (Doc. 2) is **DENIED**;

2. The Complaint (Doc. 1) is **DISMISSED without prejudice**;

3. The Motion for Orders Granting Pauperis Complaint Filing and for Plaintiff to File Pleadings Electronically in the Future (Doc. 11) is **DENIED without prejudice**;

---

[3] The Court further notes that the contract does not appear to have been notarized, raising questions about the contract's validity. *See* Doc. 1 at 4.

4. **On or before January 10, 2018, Plaintiff shall file an amended complaint and shall comply with the following instructions:**

   a. Plaintiff shall specifically list the statutes, laws, or constitutional provisions that are at issue in this case;

   b. Plaintiff shall specifically allege the basis upon which the Court has subject matter jurisdiction for each claim asserted;

   c. Plaintiff shall specifically allege the basis upon which venue is appropriate in Florida;

   d. To the extent Plaintiff is raising more than one claim, Plaintiff shall set forth each claim in a separate count;

   e. Plaintiff shall specifically plead a short and plain statement of the facts by stating what each Defendant did that caused Plaintiff harm or violated Plaintiff's rights, including the dates and places of that conduct;

   f. Plaintiff shall show how he has been damaged or injured by each Defendant's actions and/or omissions;

   g. Plaintiff shall set forth a clear statement of the relief sought for each claim;

   h. The amended complaint must include all of Plaintiff's claims in this action, and shall not refer back to the Complaint (Doc. 1);

   i. Plaintiff shall address the Court's concerns regarding whether or not the statute of limitations has run as to Plaintiff's claims;

   j. Plaintiff shall file the amended complaint with the Clerk's office;

5. **Failure to comply with the above requirements will result in a recommendation that the case be dismissed without further warning**;

6. At the time Plaintiff files an amended complaint, Plaintiff shall also file a renewed motion to proceed *in forma pauperis* using an approved form, or shall pay the full filing fee.  **Failure to file an amended complaint and renew the motion to proceed *in forma pauperis* or pay the full filing fee within the time provided will result in a recommendation that the case be dismissed without further warning**;

7. Plaintiff shall also immediately advise the Court of any change of address that occurs during the course of this case.  He shall entitle the paper "Notice to the Court of Change of Address" and not include any motions or otherwise request any relief therein.  This notice shall contain only information pertaining to the address change and the effective date of the change.  **Failure to inform the Court of an address change will result in a recommendation that the case be dismissed without further warning**; and

8. **The Clerk is directed to send a copy of this order to Plaintiff by regular mail.**

**DONE AND ORDERED** in Orlando, Florida on November 30, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties